UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BLOOMFIELD HILLS COUNTRY CLUB,
BIRMINGHAM COUNTRY CLUB, and             Case No. 15-11290
BYLEN GOLF COMPANY, L.L.C. d/b/a
PINE TRACE GOLF CLUB,                    Honorable Nancy G. Edmunds

       Plaintiffs,

v.

THE TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA, PHOENIX
INSURANCE COMPANY, and TRAVELERS
INDEMNITY COMPANY OF AMERICA,

       Defendants.

_____/

**OPINION AND ORDER DENYING DEFENDANTS' MOTION IN LIMINE AS TO DR.
JOSEPH VARGAS [60] AND DENYING PLAINTIFFS' REQUEST FOR SANCTIONS**

     Defendants bring a motion in limine as to Dr. Joseph Vargas. (Docket 60.) Defendants'

motion specifically states that Defendants "incorporate the arguments and authorities set

forth in their Motion to Exclude the Expert Report and Testimony of Dr. Joseph Vargas and

brief in support (Dkt. #39) and their related Reply brief (Dkt. #45)." (Defs.' Mot. in Limine,

dkt. 60.)  Plaintiffs in their response brief (dkt. 64) correctly point out that the Court already

heard this motion and denied it in its August 30, 2016 opinion and order denying

defendants' motion to exclude the expert report and testimony of Dr. Joseph Vargas. (Dkt.

58.) Defendants provide no explanation for what appears to be nothing other than the

refiling of a motion that this Court already denied. To the extent that Defendants seek

reconsideration of the Court's decision pursuant to Local Rule 7.1(h)(1), Defendants are

tardy: "A motion for rehearing of reconsideration must be filed within 14 days after entry of the judgment or order." E.D. Mich. L.R. 7.1(h)(1).

> Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the   defect will result in a different disposition of the case.

L.R. 7.1(h)(3). Defendants' motion is tardy and does not meet this standard; it merely references the prior motion.

Plaintiffs seek sanctions pursuant to Local Rule 11.1 and Civ. R. Fed. P. 11 for Defendants' filing of a frivolous motion. While the Court agrees that failing to follow the Local Rules and filing frivolous motions wastes resources of this Court and the parties who must respond, in this instance such costs are minimal and this is Defendants' first violation of the Local Rules. Defendants are on notice that they must comply with the United States District Court for the Eastern District of Michigan Local Rules as well as the Federal Rules of Civil Procedure.

For the reasons set forth herein and in this Court's order of August 30, 2016 (dkt. 58), the Court DENIES Defendants' motion in limine as to Dr. Joseph Vargas.

**SO ORDERED**.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  October 4, 2016

2

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 4, 2016, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager